**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01496-WJM

ROBERT THOMAS DOLL,

      Applicant,

v.

HARLEY LAPPIN, and
WARDEN RENE GARCIA,

      Respondents.

---

## ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS

---

The matter before the Court is an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), filed on June 8, 2011, by Applicant Robert

Thomas Doll.  This Court issued an Order to Show Cause to Respondents on July 12,

2011.  Respondents filed their Answer (Response) to the show cause order on August

12, 2011 (Doc. No. 15).  Applicant filed a traverse on August 25, 2011 (Doc. No. 18).

The Court ordered Respondents to file a Supplemental Response to the Order to Show

Cause on October 3, 2011.  Respondents filed their Supplement (Supplemental

Answer) on October 24, 2011.  (Doc. No. 20).  The Court has determined that it can

resolve the Application without a hearing.  28 U.S.C. § 2243.[1]

---

[1]*See also Jeter v. Keohane*, 739 F.2d 257 n. 1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.").

## I. Background

Applicant is a federal prisoner incarcerated at FCI-Englewood, Colorado.  On February 23, 2010, he was sentenced in the United States District Court for the District of Wyoming to forty-eight months imprisonment for being a felon in possession of explosives, in violation of 18 U.S.C. § 842(i) and § 844(a)(1).  Answer, Declaration of Benjamin Brieschke, ¶ 3, and Att. 1.  Applicant's federal sentence commenced on April 9, 2010. *Id.*  His projected release date from federal custody, via good conduct time, is April 1, 2013.  *Id.*

Typically, as an inmate nears the end of his sentence, the Bureau of Prisons (BOP) arranges for the inmate to be transferred to a Residential Reentry Center (RRC), commonly known as a halfway house, where the inmate can begin to adapt to civilian life in a less-restrictive environment.  On January 26, 2011, Applicant was reviewed for placement in an RRC.  Supplemental Answer, Declaration of Frank Palmer, at ¶ 3.  The BOP determined that 180-days of pre-release RRC placement was sufficient to assist Applicant with his re-entry into society.  *Id.* at ¶ 4.

## II. Habeas Application

Applicant filed *pro se* his § 2241 Application on June 8, 2011.  He challenges the BOP's decision to place him in an RRC for the last six months of his sentence as a violation of the Second Chance Act of 2007, P.L. 110-199 (eff. April 9, 2008), codified at § 3624(c), which authorizes RRC placement up to a maximum of twelve months.  He further contends that the BOP failed to follow its regulations and policies when it ignored the criteria set forth in 18 U.S.C. § 3621(b) in the RRC placement decision.  Applicant asserts that he and others "similarly situated" should have been approved for the

2

statutory maximum of twelve months of RRC placement, plus an additional six months of home confinement placement.  He asks the Court to: order the BOP to comply with the SCA and consider him for RRC placement under the factors outlined in § 3621(b); order the BOP to submit every eligible inmate to a 12-month RRC placement; and, if the BOP does not provide such relief, enter an order directing the BOP to discharge Applicant from the remainder of his sentence.  Petition, att. at 5-7.   Respondents notified the Court in a Pre-Answer Response (Doc. No. 10) that Applicant has exhausted administrative remedies for his claim.

### III.  Legal Standard

### A.  Habeas Corpus Actions

A district court is only authorized to issue the writ of habeas corpus when the Applicant is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ("a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."); *see also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally. . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").  In the context of challenges to the length of a prisoner's placement in an RRC, the relief which

may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007) (affirming grant of writ and ordering BOP to consider factors set forth in § 3621(b) to determine whether requested transfer should be made).

## B.  *Pro Se* Litigant

Applicant is proceeding *pro se*.  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The Applicant's *pro se* status does not entitle him to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## IV.  Analysis

**A.  Respondent Lappin**

Respondents note that Harley Lappin, the Director of the Federal Bureau of Prisons, is not an appropriate Respondent in this action.  Answer, n.1.  "The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian." *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995).  Rene Garcia, as the warden of the facility Applicant resides in, is the only correct Respondent. Therefore, Respondent Lappin is hereby summarily dismissed from this action.

**B.  Due Process Claim**

Applicant challenges the BOP's recommendation that he be placed in an RRC for the final 180 days of his sentence as contrary to the SCA and § 3621(b).   He contends that Congress intended, through passage of the SCA, that RRC placements should be for twelve months, followed by six months of home confinement.  The Court liberally construes Applicant's argument as a due process claim that the BOP improperly applied the SCA, or made an incorrect decision based on the facts of Applicant's case.

**1.  Regulatory Framework**

The BOP determines a prisoner's suitability for placement in an RRC through the application of regulations and agency policies. Two statutes govern the BOP's authority to place a prisoner in an RRC, namely, 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). Generally, § 3621 allows the BOP to designate the place of a prisoner's incarceration during a term of imprisonment, while § 3624 allows a prisoner preparing for reentry to be placed in an RRC or in home confinement during the final months of a sentence.

Pursuant to 18 U.S.C. § 3621(b), the BOP has broad discretion to designate any

appropriate and suitable place for the prisoner's confinement, considering–

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the [sentencing] court– (A) concerning the purposes [of the prison sentence]; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to [28 U.S.C. § 994(a)(2) of title 28.]

18 U.S.C. § 3621(b).

> In 2007, Congress passed the SCA, which provides, in pertinent part:
>
> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
> . . .
>
> (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c).

> Prior to the enactment of the SCA, § 3624(c) provided that assignment to an

RRC under this provision would "not [ ] exceed 6 months." Thus, the SCA granted the

BOP discretion to place soon-to-be-released inmates into RRCs for longer periods of

time.  In order to effectuate this additional discretion, the BOP issued two memoranda providing guidance to its staff regarding the proper implementation of § 3624(c).  A Memorandum issued on April 14, 2008, addresses the issue of pre-release inmates.  In relevant part, this memorandum: (1) recognizes that staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release [RRC] placement"; (2) directs BOP staff to review each pre-release inmate's eligibility for RRC placement on an individual basis seventeen to nineteen months before their projected release dates; (3) instructs BOP staff that in conducting these individual reviews they are to consider the five-factor criteria set forth in § 3621(b); and (4) mentions that "Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less" and that "[s]hould staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." Answer, Brieschke Decl. ¶ 6, att. 2; *see also Garza v. Davis*, 596 F.3d 1198, 1202–03 (10th Cir. 2010) (discussion of BOP memoranda regarding SCA changes).

The second BOP memorandum, issued November 14, 2008, addresses non-pre-release inmates. As relevant here, this memorandum states that upon the receipt of an inmate's request to be transferred to an RRC before his prerelease 12-month period, BOP staff must make an individualized determination of the inmate's eligibility for such a transfer based on the five factors set forth in § 3621(b). It also states that "[a]n RRC placement beyond six months should only occur when there are unusual

or extraordinary circumstances justifying such placement, and the Regional Director concurs." Answer, Brieschke Decl. ¶ 6, att. 3.

On June 24, 2010, the BOP issued a new memorandum providing revised guidance for RRC placements. *Id.*, ¶ 10, att. 4. The 2010 memoranda no longer requires approval by the BOP regional director for RRC placements longer than six months. *Id.* As relevant here, the 2010 memoranda also allows for a lower risk inmate to be considered for home detention, instead of RRC placement. *Id.*

In accordance with the SCA, the BOP also amended its applicable regulation to state:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22 (2008).

Congress has granted the BOP considerable discretion in placing inmates. *See* 18 U.S.C. § 3621(b) (the BOP "may designate any available penal or correctional facility. . . that the Bureau determines to be appropriate and suitable"). Nothing in the SCA indicates a Congressional intent to impose any limitations or restrictions on the BOP's authority in this regard. Accordingly, the Court does not find a statutory presumption that twelve months' RRC placement is required for most inmates. Indeed, such a construction would be contrary to Congress' expressed intent for the BOP to retain its discretion on placement matters. *See* 18 U.S.C. § 3624(c)(4). Moreover, before passage of the SCA, courts repeatedly rejected arguments that the prior standing language authorizing prerelease custody entitled pre-release inmates to a

8

particular amount of RRC placement. *See*, *e.g.*, *Zamarripa v. Peterson*, 105 F. App'x. 253, 254 (10th Cir. 2004) (unpublished) (quoting *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992)) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period"). If Congress intended the SCA to constrain the BOP's discretion in placement decisions, it could have used express language to effectuate that change. Instead, the SCA makes no substantive changes to the BOP's discretionary authority. *See Henderson v. Davis*, No. 10-cv-00838-MSK, 2010 WL 4627802, at *3 n. 3 (D. Colo. Nov. 8. 2010).

The Court further rejects Applicant's argument that the six months of home confinement that the BOP may authorize in its discretion under § 3624(c)(2) is additional to the twelve months of prerelease custody. The statute plainly authorizes a maximum of twelve months prerelease custody, either to an RRC, or to a combination of RRC plus home confinement *See Guess v. Werlinger,* 421 F. App'x. 215, 217 (3rd Cir. 2011) (unpublished); *Mayes v. Tews,* No. 09-4267-MHP, 2011 WL 1812526, at *3 (N.D. Cal. May 12, 2011) (holding that § 3624(c) imposes a cumulative limit of twelve months for any type of prerelease custody; "[s]ince home confinement may not exceed six months, a prisoner who receives six months of home confinement cannot receive more than six months of RRC.").

In sum, the Court finds no language in the SCA or the policy memoranda applying it, to support Applicant's contention that twelve months of RRC placement, and an additional six months of home placement, are presumptively necessary. *See Guzman v. Daniels*, 11-cv-00849-WYD, 2011 WL 3861582, at **2-3 (D. Colo. Aug. 31,

2011) (unpublished); *Radick v. Federal Bureau of Prisons*, 11-cv-00298-DME, 2011 WL 2692951, at **2-3 (D. Colo. July 11, 2011) (unpublished).  The BOP's memoranda implementing §3624(c) are consistent with the statute.  *See Bunn v. Wiley*, 351 F. App'x. 267, 268 (10th Cir. 2009) (unpublished) (rejecting petitioner's claim that policy memoranda were invalid because they conflicted with Congress' intent in enacting § 3624(c)).

The BOP is vested with broad statutory authority to determine the length of a prisoner's RRC and/or home detention assignment.  *See* 18 U.S.C. § 3624(c)(1) and (4).  As such, the Court's review is a limited one.  So long as the BOP properly followed the statutory guidelines and related agency regulations and policies in making the RRC placement decision for Applicant, the Court may not second guess the BOP's substantive decision.  *See Fournier v. Zickefoose*, 620 F.Supp.2d 313, 318 (D. Conn. 2009).

**2.  The RRC placement decision**

The evidence submitted by Respondents demonstrates that Applicant's case manager, Frank Palmer, reviewed his eligibility for RRC placement on January 26, 2011.  Supp. Answer, Palmer Decl., at ¶¶ 1-3.  Mr. Palmer states that staff considered the following in accordance with § 3621(b):

> Applicant is a low risk for recidivism as a minimum security inmate, that he has sufficient community contacts as he is married and has a place to return to in the community upon his release, that prior to his incarceration he was supervisor in the construction field and has viable job skills, and that he does not have an extensive criminal record.

*Id.* at ¶ 3.  Mr. Palmer further states that "[b]ased upon a careful consideration of the criteria set forth in 18 U.S.C. § 3621(b), it was determined that a recommendation of 180 days of pre-release RRC placement was of sufficient duration to assist Applicant with his re-entry into society."  *Id.* at ¶ 4.  No compelling or extraordinary circumstances were found to justify RRC placement beyond six months.  *Id.* (citing attach. 1, Inmate Activity Record).  On January 26, 2011, an institutional referral for RRC placement was completed by Applicant's unit team and sent to the Community Corrections Manager with the recommendation of 180 days of placement.  Answer, Brieschke Decl., at ¶ 15 (citing attach. 6, Institutional Referral for CCC Placement).   The Referral was signed by Warden Garcia on January 31, 2011.  *Id.*

The record reflects that FCI-Englewood prison staff considered the statutory factors contained in 18 U.S.C. § 3621(b) and determined Applicant's RRC placement on an individualized basis.   The BOP's designation of Petitioner for approximately six months of pre-release RRC placement was an appropriate decision, within the scope of the BOP's statutory authority, and did not deprive Petitioner of his due process rights. Petitioner therefore is not entitled to federal habeas relief for his claim that his sentence is being executed unlawfully.  *See Radick*, 2011 WL 2692951 at *3; *Henderson v. Davis*, 10-cv-00838-MSK, 2010 WL 4627802, at **2–3 (D. Colo. Nov. 8, 2010).[2]

**V.  Order**

---

[2]The Court notes that Petitioner raises an additional assertion, in his Reply, that the BOP "routinely transfer[s] inmates to halfway houses for the last six months of their sentence[s]," and "[r]egardless of the length of their sentence, . . . [a]ll prisoner's sentence monitoring computation data sheets are electronically calculated."  Traverse, at 7.  However, Petitioner's  contention is contradicted by his subsequent allegation that some inmates at FCI-Englewood have received "more than six months [halfway house placement]."  *Id.*

Accordingly, it is hereby

ORDERED that:

(1)     Respondent Harley Lappin is DISMISSED, and

(2)     Applicant Robert Thomas Doll's Application ("Petition") for a Writ of

        Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), filed June 8,

        2011, is DENIED WITH PREJUDICE.

Dated this 8th day of November, 2011.

                                        BY THE COURT:


                                        _____
                                        William J. Martínez
                                        United States District Judge